Judge Birch
delivered the' opinion of the court.
Stone was indicted at the last July term of the St. Louis criminal court, for unlawfully exercising the trade and business of a public auctioneer without license. It was proven upon his trial that he cried goods at public auction at several different times in the city and county of St. Louis, as laid in the indictment; but that during those times he was clerk of William J. Austin, at a salary, and that the sales of goods so made, (amounting to one hundred and fifty dollars worth) was at the store of the said Austin. There was something said in the testimony, to the effect, that Austin had been indicted and tried for selling the same goods, but as it no where appears that he was convicted for it, we apprehend that no stress is laid upon that portion of the' evidence, particularly as he had in license. For the defendant it was proven, that the goods sold by him at auction, consisted mostly of second hand furniture, received by Austin to be sold at his store at auction ; that being still in the employ of Austin, as his clerk, he got permission from Scott, Otis & Co., and from Charles Rodeman, who were at that time auctioneers in the city and county of St. Louis, to sell the goods in their names, and as their clerk and agent, for which said sales Austin paid to said Scott, Otis & Co., and Charles Rodeman, part of the commission received from the owners of the goods, and reserved the rest for himself, the defendant having no interest in the matter.
We deem it unnecessary to notice* in detail, the points presented by the giving and refusing to give'instructions to the jury; it being apparent that the case must turn upon the single point, whether an auctioneer can delegate the authority which he acquires by his license. It has been decided otherwise in Massachusetts, (19 Pick. 482) under a statuté believed to be somewhat similar to ours, and the slightest reflection upon the proposition, is sufficient to demonstrate that the law would be comparatively inoperative if a contrary construction was entertained. If an auctioneer can delegate his authority to a clerk to sell goods at auction in any part of the city, there would seem no reason why he might not similarly delegate to another anthority to sell elsewhere—to *402 a third another locality—and so on, according to the exigencies, or prospects of profit, presented in the entire business of a large commercial city. To state such a proposition, is to refute it—and this constituting, according to our reading of the record, the only ground of complaint against the court below, we perceive no error in its refusal to grant a new trial.
Its judgment is therefore affirmed.